**IT IS ORDERED as set forth below:**

**Date: September 12, 2012**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Fentress Renard Smith, Sr., | ) | CASE NO. 12-61970-JRS |
| Debtor | ) | |

| | | |
|---|---|---|
| Fentress Renard Smith, Sr., | ) | |
| Movant | ) | |
| vs. | ) | CONTESTED MATTER |
| Ocwen Loan Servicing, LLC | ) | |
| Respondent. | ) | |

**ORDER GRANTING DEBTOR'S MOTION TO DETERMINE SECURED STATUS OF CLAIM**

The above matter came before the Court on August 23, 2012 on Debtor's Motion to Determine Secured Status of Claim (the "Motion") Docket No. 16 of Ocwen Loan Servicing, LLC against Debtor's rental property located at 5065 Cochran Drive, Union City GA 30291 (the "Property") on which Ocwen Loan Servicing, LLC ("Respondent") holds a first priority lien on

his interest (the "Lien"). The Debtor seeks a determination that, based upon the Property's value, the Respondent's claim should be bifurcated pursuant to 11 U.S.C. Section 506(a) and (d) and 11 U.S.C. Section 1322(b)(2), with a secured portion of $29,000.00 and the remainder of Respondent's claim should be treated as unsecured. No party filed a response or otherwise appeared in opposition to Debtor's Motion. Based upon all matters of record, it is hereby

**ORDERED** that Debtor's Motion is granted as provided herein; it is

**FURTHER ORDERED** that, for purpose of the Debtor's chapter 13 case, the claim of Respondent related to the Lien shall be bifurcated pursuant to 11 U.S.C. Section 506(a) and (d) and 11 U.S.C. Section 1322(b)(2), with a secured portion of $29,000.00; it is

**FURTHER ORDERED** that upon entry of discharge in the Debtor's Chapter 13 case, the Lien of Respondent evidenced by a Security deed recorded in the Superior Court of Fulton County at Deed Book 38032, Page 114, shall be avoided as to Debtor's interest without further order pursuant to 11 U.S.C. Section 506(d); provided, however, that the Court reserves jurisdiction to consider if appropriate the avoidance of Respondent's Lien prior to entry of a discharge under 11 U.S.C. Section 1328(a). In the event the Debtor's case is dismissed or converted to Chapter 7, the Lien of Respondent shall not be affected by this Order in accordance with 11 U.S.C. Sections 349(b)(1)(C) or 348(f)(1)(B) as applicable.

**[END OF DOCUMENT]**

## DISTRIBUTION LIST

**William R. Tate**
Robert J. Semrad & Associates, LLC
Suite 3600
101 Marietta Street, NW
Atlanta, GA 30303

**Adam M. Goodman**
Adam M. Goodman, 13 Trustee
Suite 200
260 Peachtree Street
Atlanta, GA 30303

**Fentress Renard Smith, Sr.**
7310 Chauces Ct.
Riverdale, GA 30296

**Corporation Service Company**
Registered Agent for: Ocwen Loan Servicing, LLC
40 Technology Parkway # 300
Norcross, GA 30092

**Ocwen Loan Servicing, LLC**
1661 Worthington Road
Suite 100
West Palm Beach, FL 33409

**Ocwen Loan Servicing, LLC**
12650 Ingenuity Dr.
Orlando, FL 32826

**Ocwen Loan Servicing, LLC**
c/o William C. Erbey, CEO
1661 Worthington Road
Suite 100
West Palm Beach, FL 33409

**Ocwen Loan Servicing, LLC**
c/o Ronald Farris, President
1661 Worthington Road
Suite 100
West Palm Beach, FL 33409

**Ocwen Loan Servicing, LLC**
c/o Rob Kaltenbach, COO
1661 Worthington Road
Suite 100
West Palm Beach, FL 33409

SUBMITTED BY:

<u>William R. Tate /s/</u>
William R. Tate
GA Bar No. 940582
Robert J. Semrad & Associates
101 Marietta Street NW
Suite 3600
Atlanta, GA 30303


NO OPPOSITION BY:

<u>Adam M. Goodman</u> /s/
Adam M. Goodman
Bar No: 300887
Chapter 13 Trustee
260 Peachtree Street
Suite 200
Atlanta, GA 30303